UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2016
David J. Bradley, Clerk

| | |
|---|---|
| D. Patrick Smitherman, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-16-798 |
| § | |
| Bayview Loan Servicing, LLC, et al., § | |
| § | |
| Defendants. § | |

## Opinion on Dismissal

1. *Introduction.*

   D. Patrick Smitherman sues Bayview Loan Servicing, LLC, to stop it from foreclosing. His complaint will be dismissed because he does not describe a transaction protected by the law.

2. *Smitherman's Claims.*

   In almost five years, Smitherman has not made a payment on his mortgage. He says that Bayview did not notify him before foreclosing and defamed him by lying about whether he could make his mortgage payments.

   Bank of America previously held the lien and tried to foreclose twice. Smitherman sued twice to prevent those foreclosures. His first case was dismissed, a decision that was appealed and affirmed. While the appeal pended, Bank of America tried to foreclose again, and Smitherman sued a second time. The parties agreed that Bank of America would not try to foreclose again while the second case pended.

   Smitherman says that his agreement with the Bank should bar Bayview's foreclosure and that the Bank forced him to insure his property at a high rate.

3. *Res Judicata.*

   Smitherman sued the Bank in his first lawsuit to prevent foreclosure. He was required to bring all the claims he had in that lawsuit. He does not say that additional claims have accrued since that lawsuit. A state court dismissed that suit and an appellate court affirmed that decision. His claims have already been resolved and are barred by res judicata.

4. *No Claim.*

Even if they were not barred by his earlier suit, Smitherman's claims do not describe a transaction protected by the law.

Bayview has not foreclosed; its notice could not have been defective.

Smitherman is part of a legal transaction with Bayview. As a participating party, its publications about Smitherman's default and its election to sell are privileged. Further, Smitherman has not paid his mortgage. Thus, Bayview's publication of that fact does not defame him as it is true.

Smitherman says that he had an agreement with Bank of America that it would not foreclose on his property. That agreement does not bind Bayview.

Smitherman agreed in his deed of trust that if he did not insure his house, the mortgage holder could. He agrees that he did not insure his house; he cannot now complain that the Bank did, which was in his interest because it protected his equity in the house.

Smitherman does not describe a transaction protected by the law. His claims will be dismissed.

Signed on April 26, 2016, at Houston, Texas.

---

Lynn N. Hughes
United States District Judge