**D. P A T R I C K   S M I T H E R M A N**
1044 W. 25th Street #E • Houston, TX 77008
TEL: 832.340.5510
E-MAIL: dpatricksmitherman@yahoo.com

United States Courts
Southern District of Texas
FILED

MAR 20 2017

David J. Bradley, Clerk of Court

March 20, 2017

**By personal delivery**

David J. Bradley
Clerk of Court
United States District Court
Southern District of Texas
515 Rusk Street
Houston, TX 77002
**Attn:   Glenda Hassan
            Case Manager for Judge Hughes**

        **Re:**        **No. 16-20328 – Appeal to Fifth Circuit
            Smitherman v. Bayview
            USDC No. 4:16-CV-798**

Mr. Bradley:

      On January 11, 2017, in an unpublished opinion, the United States Court of Appeals for the 5th Circuit issued a limited REMAND to the district court in order to:

> …permit supplementation of the record and to make findings regarding Bayview's citizenship. After the district court has made these determinations, the district court's amended opinion shall return to this panel for appropriate action. We retain jurisdiction during the pendency of the limited remand.[1]

      On January 13, 2017, the Hon. Judge Lynn Hughes of the Southern District of Texas, Houston Division, issued an Order requiring Bayview to "give the court data about its citizenship – and the citizenship of all of its members – at the time of removal."

      Rather than provide such data, Bayview conceded that diversity jurisdiction does not exist in this case. Accordingly, the parties filed an Agreed Motion to Vacate Judgment and Remand on January 20, 2017.

---

[1] Unpublished Opinion in *D. Patrick Smitherman v. Bayview Loan Servicing, LLC*, No. 16-20328 . Attached hereto as **Exhibit A**.

On January 26, 2017, Judge Hughes entered an order (that he signed on January 23, 2017) vacating his amended April 26, 2016 judgment, and remanding the case as Cause No. 2016-10910 to the 269th District Court of Harris County, where the case originated. The remand order is attached hereto as **Exhibit B** for the Court's convenience. The file-stamp to **Exhibit B** indicates that it was in fact filed with the Harris County District Clerk. Judge Hughes has therefore remanded USDC No. 4:16-CV-798 back to Cause No. 2016-10910 in the 269th District Court of Harris County.

However, Judge Hughes remanded USDC No. 4:16-CV-798 before issuing an amended opinion and returning same to the 5th Circuit for appropriate action. Judge Hughes has not, on information and belief, issued an amended opinion.

A review of the docket for Case No. 16-20328 indicates that the 5th Circuit is "Awaiting District Court Action deadline du." Plaintiff presumes the 5th Circuit is waiting for Judge Hughes' amended opinion, and moreover that the 5th Circuit is not aware of the January 26, 2017 remand order by Judge Hughes.

Plaintiff is writing to respectfully remind Judge Hughes of the need to issue an amended opinion as directed by the 5th Circuit so that the state court case may be formally remanded by the 5th Circuit. The 5th Circuit's Opinion makes it very clear that it retains jurisdiction despite the state court case being remanded.

The parties are unable to litigate in state court while the 5th Circuit retains jurisdiction.

Plaintiff is copying the 5th Circuit on this correspondence in the event that it will accept the District Court's January 26, 2017 remand order in lieu of an amended opinion, and will require no further action from the District Court as such.

Defendant Bayview joins in this request, and in fact has asked Plaintiff to make it.

Respectfully,

_____/s/_____
D. Patrick Smitherman

cc:    Crystal G. Roach, counsel for Bayview [by e-mail]

Lyle W. Cayce [by Priority Mail]
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-03408


# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20328

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2017

Lyle W. Cayce
Clerk

D. PATRICK SMITHERMAN,

    Plaintiff - Appellant

v.

BAYVIEW LOAN SERVICING, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-798

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    D. Patrick Smitherman, proceeding *pro se*, brought suit against Bayview Loan Servicing, LLC in Texas state court, alleging various state law claims regarding foreclosure proceedings related to Smitherman's mortgage loan. Bayview removed to federal court under a diversity jurisdiction theory. The district court denied Smitherman's motion to remand and then dismissed Smitherman's claims with prejudice.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**Exhibit A**

No. 16-20328

But on appeal, Bayview now concedes that "jurisdiction is not established on the record before the court." Specifically, the record fails to provide enough information to determine whether complete diversity exists between the parties. There is no dispute that Smitherman is a citizen of Texas, but Bayview's citizenship is unclear.

The citizenship of a limited liability company such as Bayview is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Bayview's sole member is Bayview Asset Management, LLC, which is itself a limited liability company with "multiple members that are limited liability companies." Bayview concedes "that the current record neither identifies nor establishes the citizenship of all of those sub members at the time of removal." If any of those members was a citizen of Texas at the time of removal, complete diversity would be destroyed.

Accordingly, we order a limited REMAND to the district court to permit supplementation of the record and to make findings regarding Bayview's citizenship. After the district court has made these determinations, the district court's amended opinion shall return to this panel for appropriate action. We retain jurisdiction during the pendency of the limited remand. *Wheeler v. City of Columbus*, 686 F.2d 1144, 1154 (5th Cir. 1982).

2016-10910

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

D. Patrick Smitherman, §
§
    Plaintiff, §
§
versus § Civil Action H-16-798
§
Bayview Loan Servicing, LLC, et al., §
§
    Defendants. §

## Order

1. The April 26, 2016, amended final judgment is vacated. The case is remanded as cause number 2016-10910 to the 269th District Court of Harris County. (29)

2. Bayview Loan Servicing, LLC, will reimburse D. Patrick Smitherman the fees he incurred appealing the judgment of this court.

Signed on January 23, 2017, at Houston, Texas.

                              Lynn N. Hughes
                           United States District Judge

[FILED stamp: CHRIS DANIEL, DISTRICT CLERK, HARRIS COUNTY, TEXAS, 2017 JAN 26 AM 9:57]

[RECORDER'S MEMORANDUM: This instrument is of poor quality at the time of imaging]

TRUE COPY I CERTIFY
ATTEST: 1-24-2017
DAVID J. BRADLEY, Clerk of Court
By _____
        Deputy Clerk

**Exhibit B**